IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TASIA WILLIAMS AND | § | |
| VINCENT DOYLE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-1526-L |
| | § | |
| CITY OF DALLAS, TEXAS; | § | |
| CHIEF ULYSHA RENEE HALL; | § | |
| JOHN DOE POLICE OFFICERS 1-50, | § | |
| | § | |
| Defendants. | | |

**DEFENDANTS CITY OF DALLAS, TEXAS, AND CHIEF U. RENEÉ
HALL'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

Defendants City of Dallas, Texas (the "City") and Dallas Police Department Chief Ulysha Reneé Hall ("Chief Hall") (collectively, "Defendants"), pursuant to Rule 7 of the Federal Rules of Civil Procedure and the Parties' Stipulation Extending Defendants' Deadline to Serve a Responsive Pleading or Rule 12(b) Motion to Plaintiffs' Original Complaint (Dkt. No. 14), file their answer to the Plaintiffs' Original Complaint (the "Complaint"), filed on June 11, 2020 (Dkt. No. 1).

## I.    ANSWER TO THE COMPLAINT

1.1    Defendants admit the allegations in the first sentence of Complaint paragraph 1. With respect to the second sentence, Defendants admit that protests have occurred in Dallas since May 29, 2020 and have included peaceful and non-peaceful protestors. Defendants deny the allegations in the third and fourth sentences in paragraph 1. Defendants admit that George Floyd was posthumously diagnosed with coronavirus.

1.2     Complaint paragraph 2 does not plead any facts to which an answer is required.   To the extent an answer is nonetheless required, Defendants deny the allegations as pleaded.

1.3     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 3, except that Defendants deny the allegations pleaded in the fourth sentence of that paragraph.

1.4     Complaint paragraph 4 does not plead any facts to which an answer is required.   To the extent an answer is required, Defendants deny that they have committed any acts or omissions that resulted in a violation of Plaintiffs' constitutional rights under the First, Fourth, or Fourteenth Amendments, deny that Plaintiffs have stated a claim against them upon which relief can be granted, deny that they are liable to Plaintiffs for any of their alleged injuries,  deny that Plaintiffs are entitled to recover against Defendants any compensatory or punitive damages, attorney's fees, costs, judgment, or any relief of any kind or nature arising out of any of the alleged incidents made the basis of this lawsuit.

1.5     Complaint paragraph 5 does not plead any facts to which an answer is required.   To the extent that an answer is required, Defendants deny that Plaintiffs are entitled to any damages, judgment, or other relief of any kind or nature sought arising out of any of the alleged acts by Defendant. Moreover, said request for a temporary restraining order is moot.

1.6     Defendants lack knowledge or information sufficient to form a belief as to Ms. Williams's county of residence and race as stated in Complaint paragraph 6.

1.7     Defendants lack knowledge or information sufficient to form a belief as to Mr. Doyle's county of residence and race as stated in Complaint paragraph 7.

1.8     Defendants admit as stated the allegations in Complaint paragraph 8.

1.9     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint paragraph 9.

1.10     Defendants admit  the allegations in Complaint paragraph 10 that Ulysha Reneé Hall is Chief of Police of the Dallas Police Department and the supervisor of John Doe police officers, but deny that Chief Hall is a final policymaker for the Dallas Police Department and deny that she has been delegated final policymaking authority for the Dallas Police Department. Defendants admit the allegations in the second sentence of paragraph 10.

1.11     Complaint paragraph 11 does not state allegations to which an answer is required.

1.12     Defendants admit the jurisdictional allegation in Complaint paragraph 12.

1.13     Defendants admit the jurisdictional allegation in Complaint paragraph 13 as to the City of Dallas and Chief Hall, but lack knowledge or information sufficient to form a belief as to the truth of the jurisdictional allegations as to John Doe Police Officers 1-50. Defendants admit the allegations in the second and fourth sentences of paragraph 13.  The third sentence of paragraph 13 do not allege facts to which an answer is required.

1.14     Defendants admit the jurisdictional allegation in Complaint paragraph 14 as to the City of Dallas and Chief Hall, but lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 as to John Doe Police Officers 1-50. Defendants deny the allegations in the second sentence of paragraph 14.

1.15     Complaint paragraph 15 does not state allegations to which an answer is required.

1.16     Defendants admit the venue allegations in Complaint paragraph 16, except that Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation that John Doe Police Officers 1-50 reside within this District.

1.17    Complaint paragraph 17 does not state allegations to which an answer is required.

1.18    Defendants deny the allegations in Complaint paragraph 18.

1.19    Complaint paragraph 19 does not state allegations to which an answer is required.

1.20    Upon information and belief, Defendants admit the allegations in Complaint paragraph 20.

1.21    Defendants deny the allegations in Complaint paragraph 21.

1.22    Defendants deny the allegations in Complaint paragraph 22.

1.23    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint paragraph 23.

1.24    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint paragraph 24.

1.25    Upon information and belief, Defendants admit the allegations in Complaint paragraph 25.

1.26    Defendants admit the allegations in the first sentence of paragraph 26 of the Complaint.  Defendants admit the allegations in the third sentence that some protesters engaged in destructive and violent behavior during the recent protests and that others peaceably exercised their First Amendment rights. Defendants deny the remaining allegations in Complaint paragraph 26.

1.27    Defendants deny the allegations in Complaint paragraph 27.

1.28    Defendants deny the allegations in Complaint paragraph 28.

1.29    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Complaint paragraph 29, except that Defendants deny the allegations in the first, fourth, and sixth sentences.

1.30    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences in Complaint paragraph 30. Defendants deny the allegations in the second sentence.

1.31    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Complaint paragraph 31,  Defendants  deny the allegations in the last sentence of paragraph 31.

1.32    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Complaint paragraph 32,

1.33    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Complaint paragraph 33.

1.34    With respect to the allegations in Complaint paragraph 34, Defendants admit that protesters on the Margaret Hunt Hill Bridge were detained on June 1, 2020. Defendants deny the allegations in the second sentence of paragraph 34. Defendants admit the allegations in the third sentence of paragraph 34.

1.35    Defendants deny the allegations in Complaint paragraph 35.

1.36    Defendants deny  the allegations in Complaint paragraph 36.

1.37    Defendants deny the allegations in Complaint paragraph 37.

1.38    Defendants deny the allegations in Complaint paragraph 38.

1.39     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint paragraph 39, except that Defendants deny the allegations in the fourth and sixth sentences of paragraph 39.

1.40     Defendants deny the allegations in Complaint paragraph 40.

1.41     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Complaint paragraph 41.

1.42     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Complaint paragraph 42.

1.43     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Complaint paragraph 43. Defendants deny the allegations in the second sentence.

1.44     Defendants deny the allegations in Complaint paragraph 44.

1.45     Complaint paragraph 45 does not plead any facts that require an answer, but to the extent that an answer is required, Defendants deny the allegations.

1.46     Defendants deny the allegations in Complaint paragraph 46.

1.47     Defendants deny the allegations in Complaint paragraph 47.

1.48     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Complaint paragraph 48. Defendants deny the remaining allegations.

1.49     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint paragraph 49.

1.50     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint paragraph 50.

1.51    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint paragraph 51.

1.52    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint paragraph 52.

1.53    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Complaint paragraph 53. Defendants deny the remaining allegations.

1.54    Defendants deny the allegations in Complaint paragraph 54.

1.55    Defendants deny the allegations in Complaint paragraph 55.

1.56    Defendants deny the allegations in the first and second sentences of Complaint paragraph 56. Defendants admit that Chief Hall made the statements attributed to her in the third, fourth, fifth, sixth, and seventh sentences of paragraph 56.

1.57    Defendants deny the allegations in Complaint paragraph 57.

1.58    To the extent that the allegations in Complaint paragraph 58 accurately quote the general orders, which speak for themselves, Defendants admit the allegations.

1.59    Defendants deny the allegations in Complaint paragraph 59.

1.60    Defendants deny the allegations in Complaint paragraph 60.

1.61    Defendants deny the allegations in Complaint paragraph 61.

1.62    Defendants deny the allegations in Complaint paragraph 62.

1.63    Defendants deny the allegations in Complaint paragraph 63.

1.64    Defendants deny the allegations in Complaint paragraph 64.

1.65    Defendants deny the allegations in Complaint paragraph 65.

1.66    Defendants deny the allegations in Complaint paragraph 66.

1.67    Defendants deny the allegations in Complaint paragraph 67.

1.68    Defendants deny the allegations in Complaint paragraph 68, except that Defendants admit the allegations in the third sentence.

1.69    Defendants deny the allegations in Complaint paragraph 69.

1.70    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint paragraph 70.

1.71    Defendants admit that Chief Hall made the announcement described in the first sentence of Complaint paragraph 71. Defendants admit that Chief Hall made the announcement described in the second sentence of paragraph 71. Defendants admit that Chief Hall made the announcement described in the third sentence of paragraph 71. Defendants deny the remaining allegations in paragraph 71.

1.72    Complaint paragraph 72 contains no allegations to which an answer is required.

1.73    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint paragraph 73.

1.74    Defendants deny the allegations in Complaint paragraph 74.

1.75    Defendants deny the allegations in Complaint paragraph 75.

1.76    Defendants deny the allegations in Complaint paragraph 76.

1.77    Defendants deny the allegations in Complaint paragraph 77.

1.78    Defendants deny the allegations in Complaint paragraph 78.

1.79    Defendants deny the allegations in Complaint paragraph 79.

1.80    Defendants deny the allegations in Complaint paragraph 80.

1.81    Defendants deny the allegations in Complaint paragraph 81.

1.82    Defendants deny the allegations in Complaint paragraph 82.

1.83    Defendants deny the allegations in Complaint paragraph 83.

1.84    Defendants deny the allegations in Complaint paragraph 84.

1.85    Defendants deny the allegations in Complaint paragraph 85.

1.86    Defendants deny the allegations in Complaint paragraph 86.

1.87    Defendants deny the allegations in Complaint paragraph 87.

1.88    Complaint paragraph 88 contains no allegations to which an answer is required.

1.89    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint paragraph 89.

1.90    Defendants deny the allegations in Complaint paragraph 90.

1.91    Defendants deny the allegations in Complaint paragraph 91.

1.92    Defendants deny the allegations in Complaint paragraph 92.

1.93    Defendants deny the allegations in Complaint paragraph 93.

1.94    Defendants deny the allegations in Complaint paragraph 94.

1.95    Defendants deny the allegations in Complaint paragraph 95.

1.96    Defendants deny the allegations in Complaint paragraph 96.

1.97    Defendants deny the allegations in Complaint paragraph 97.

1.98    Defendants deny the allegations in Complaint paragraph 98.

1.99    Defendants deny the allegations in Complaint paragraph 99.

1.100   Defendants deny the allegations in Complaint paragraph 100.

1.101   Defendants deny the allegations in Complaint paragraph 101.

1.102   Defendants deny the allegations in Complaint paragraph 102.

1.103   Complaint paragraph 103 contains no allegations to which a response is required.

1.104   Defendants deny the allegations in Complaint paragraph 104.

1.105   Defendants deny the allegations in Complaint paragraph 105.

1.106   Defendants deny the allegations in Complaint paragraph 106.

1.107   Defendants deny the allegations in Complaint paragraph 107.

1.108   Defendants deny the allegations in Complaint paragraph 108.

1.109   Defendants deny the allegations in Complaint paragraph 109.

1.110   Defendants deny the allegations in Complaint paragraph 110.

1.111   Defendants deny the allegations in Complaint paragraph 111.

1.112   Defendants deny the allegations in Complaint paragraph 112.

1.113   Defendants deny the allegations in Complaint paragraph 113.

1.114   Complaint paragraph 114 contains no allegations to which a response is required.

1.115   Defendants admit the allegations contained within Complaint paragraph 115.

1.116   Defendants deny the allegations in Complaint paragraph 116.

1.117   Defendants deny the allegations in Complaint paragraph 117.

1.118   Defendants deny the allegations in Complaint paragraph 118.

1.119   Defendants deny the allegations in Complaint paragraph 119.

1.120   Defendants deny the allegations in Complaint paragraph 120.

1.121   Complaint paragraph 121 contains no allegations to which a response is required.

1.122   Defendants deny as stated the allegations in Complaint paragraph 122.

1.123   Defendants deny the allegations in Complaint paragraph 123.

1.124   Defendants deny the allegations in Complaint paragraph 124.

1.125   Defendants deny the allegations in Complaint paragraph 125.

1.126   Defendants deny the allegations in Complaint paragraph 126.

1.127   Defendants deny the allegations in Complaint paragraph 127.

1.128    Defendants deny the allegations in Complaint paragraph 128.

1.129    Defendants deny the allegations in Complaint paragraph 129.

1.130    Defendants deny the allegations in Complaint paragraph 130.

1.131    Defendants deny the allegations in Complaint paragraph 131.

1.132.    Complaint paragraph 132 contains no allegations to which a response is required.

1.133    Complaint paragraphs 133-37 do not plead any facts that require an answer, but to the extent that an answer is required, Defendants deny that Plaintiffs are entitled to any damages, judgment, or other relief of any kind or nature sought arising out of any of the alleged acts and/or omissions by Defendants.

1.134    Complaint paragraph 138 is merely a request for a trial by jury.

1.135    Complaint paragraph 139 is merely a request for judgment.  Defendants deny that Plaintiffs are entitled to any damages, judgment, or other relief of any kind or nature.

## II.    DEFENSES

2.1     The Defendants plead that Plaintiffs have failed to state a claim upon which relief can be granted against either or both of them as to all claims asserted by Plaintiffs.

2.2     The Defendants plead that the Plaintiffs have failed to state a claim against Chief Hall upon which relief can be granted under the Fourth or Fourteenth Amendments.

2.3     The Defendants plead that the City cannot be liable to Plaintiffs on their First, Fourth, or Fourteenth Amendment claims because no underlying constitutional violation occurred. Without an underlying constitutional violation, the City cannot be held liable under 42 U.S.C. § 1983 as a matter of law.

2.4     The Defendants plead that no City custom or practice having the force of official municipal policy was the actual or proximate cause of a deprivation of Plaintiffs' rights arising

under the First, Fourth, or Fourteenth Amendments to the United States Constitution.

2.5     The Defendants plead that the official policymaker for the City of Dallas is the Dallas City Council, that the City's official policymaker was not deliberately indifferent to a custom having the force of municipal policy that was itself the actual cause and "moving force" behind a deprivation of any of Plaintiffs' constitutional rights.

2.6     The Defendants plead that the Dallas City Council has not delegated to Chief Hall final policymaking authority over the Dallas Police Department.

2.7     Chief U. Reneé Hall affirmatively pleads her entitlement to qualified immunity. Specifically, Chief Hall  pleads  that at all times relevant to the incidents giving rise to the Plaintiffs' claims, she was a government official, to wit, a Texas certified peace officer and Chief of the Dallas Police Department; that she is currently and was employed at the time of the incidents in question by the City of Dallas; that she is entitled to qualified immunity from suit and from damages in the present cause; and that at all times relevant to the incidents in question, she was performing discretionary functions and acting within and pursuant to the scope of her employment and authority as Chief of the Dallas Police Department, that she acted  without malice, without an intent to deprive Plaintiffs of any legally protected rights, with a reasonable good faith belief that her actions were lawful, and proper; and that she did not violate clearly established law of which a reasonable person would have known.

### III.     DEMAND FOR JURY TRIAL

3.1     Defendants respectfully demand a trial by jury.

WHEREFORE, Defendants request that the Court deny all relief requested by the Plaintiffs; dismiss with prejudice Plaintiffs' claims against them, render a judgment that Plaintiffs shall take nothing from the Defendants in this action, enter judgment against Plaintiffs and in favor

of the Defendants for the Defendants' attorney's fees and costs; and that the Court further grant

the Defendants all such other relief to which they are entitled.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
City Attorney

s/ *Tatia R. Wilson*
Tatia R. Wilson
Executive Assistant City Attorney
Texas State Bar No. 00795793
tatia.wilson@dallascityhall.com

Stacy Jordan Rodriguez
Executive Assistant City Attorney
Texas State Bar No. 11016750
stacy.rodriguez@dallascityhall.com

Devin Q. Alexander
Senior Assistant City Attorney
Texas State Bar No. 24104554
devin.alexander@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone: 214-670-3519
Telecopier: 214-670-0622

*Attorneys for Defendants City of Dallas,*
*and Chief U. Reneé Hall*

## CERTIFICATE OF SERVICE

I certify that on August 3, 2020, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF electronic case filing system of the court.  The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including all *pro se* parties and attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.  I further certify that I have served to the extent applicable all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

s/ *Tatia R. Wilson*
Tatia R. Wilson
Executive Assistant City Attorney