IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **Tasia Williams and Vincent Doyle,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:20-CV-1526-L** |
| | § | |
| | § | |
| **CITY OF DALLAS, TEXAS; ULYSHA RENEE HALL Chief of Police, Dallas Police Department. In her individual capacity; and JOHN DOE POLICE OFFICERS 1–50,** | § § § § § | |
| | § | |
| *Defendants.* | § | |

## JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN

Pursuant to the Court's Order to Submit Joint Status Report and Proposed Discovery Plan dated August 4, 2020 [Doc. 17] ("Order") and Federal Rule of Civil Procedure 26(f), requiring the Parties to confer and file a Joint Status Report and Proposed Discovery Plan ("Report"), Plaintiffs Tasia Williams and Vincent Doyle (collectively, "Plaintiffs") and Defendants City of Dallas, Texas (the "City"), Dallas Police Department Chief of Police Ulysha Reneé Hall ("Chief Hall"), in her individual capacity, and John Doe Police Officers 1-50[1] (collectively, "Defendants") (collectively, the "Parties") file this Report and state:

**Status Conference:** Counsel for the Parties, Daniel Dailey, Jessica Foster, Adam Greenfield, Tatiana Holland, George Oginni, Morgan McPheeters, Michelle Simpson-Tuegel, and Daryl K. Washington for Plaintiffs and Tatia R. Wilson, Molly P. Ward, and Devin Q. Alexander for Defendants, conferred via ZOOM video call on August 17, 2020, and discussed the matters referenced in Rule 26(f) and the Order and the logistics for preparation of this Report.

---

[1] The Plaintiffs in their Original Complaint name and assert claims against John Doe Police Officers 1-50 [Doc. 1]. The John Doe defendants have not been identified or served with process as of the filing of this Report. They, therefore, have neither entered an appearance in this action nor participated in the preparation of the Report. The Plaintiffs have not been provided with any reports nor has the City provided the Plaintiffs with the names of the officers who were involved in the incidents.

1. **Nature of the Case Including Parties' Contentions.**

    A. **Plaintiffs' Contentions**

    Plaintiffs' claims stem from the recent protests (May 30, 2020 – June )in Dallas over police brutality and racial inequality. Despite the overwhelmingly peaceful nature of these protests, the City of Dallas Police Department ("Dallas Police" or "DPD") officers repeatedly used extreme and lethal force against the crowds, targeting peaceful, non-threatening protesters and bystanders with tear gas, smoke bombs, flash-bangs, Pepper Balls, mace, and what are known as "kinetic impact projectiles," or "KIPs." The Defendants were using KIPs although they received little to no training on the proper use of such force.

    Specifically, Plaintiffs were seriously injured when Dallas Police officers, unprovoked, shot them with so-called "less lethal" rubber or sponge bullet KIPs for no lawful reasons. As a result of the excessive force, Plaintiff Doyle's cheek was shattered, and Plaintiff Williams was left bleeding and handcuffed in the middle of a bridge for several hours while suffering from a massive contusion. Many other people, including Brandon Saentz, were also severely injured by these "less lethal" bullets in Dallas during those three days.

    Plaintiffs assert the following five (5) causes of action: (1) Count 1: Civil Rights Claim (42 USC § 1983) - Violation of First Amendment Rights Against the City of Dallas and John Doe Police Officers 1-50 in their individual capacities; (2) Count 2: Civil Rights Claim (42 U.S.C. § 1983) Excessive Force - Violation of Fourth and Fourteenth Amendment Rights Against the City of Dallas and John Doe Police Officers 1-50 in their individual capacities; (3) Count 3: Civil Rights Claim (42 U.S.C. § 1983) Unlawful Seizure - Violation of Fourth Amendment Rights Against the City of Dallas and John Doe Police Officers 1-50 in their individual capacities; (4) Count 4: Civil Rights Claim (42 U.S.C. § 1983) Failure to Supervise & Discipline - Violation of Fourth and Fourteenth Amendment Rights Against the City of Dallas and Chief Reneé Hall in her individual capacity; (5) COUNT 5: CIVIL RIGHTS CLAIM (42 U.S.C. § 1983) FAILURE TO TRAIN - Violation of Fourth and Fourteenth Amendment Rights Against the City of Dallas and Chief Reneé Hall in her individual capacity.

    B. *Defendants' Contentions*

    The Defendants deny the Plaintiffs' allegations, contentions, and claims, and assert that they did not deprive the Plaintiffs of any rights under the Fourth or Fourteenth Amendments. Defendants further deny that the Plaintiffs are entitled to recover any damages or other relief from the claims alleged against them by the Plaintiffs.

    The Defendants deny that the City had an official policy or custom of City employees retaliating against non-threatening peaceful protesters engaging in

constitutionally protected activity. Defendants deny that the City had an official policy or custom of City employees using excessive force against non-threatening peaceful protesters as a means of intimidation and control to suppress peaceful public demonstrations involving constitutionally protected activity. Defendants deny that the City had an official policy or custom of City employees unlawfully seizing individuals engaged in peaceful protests in violation of their rights under the Fourth Amendment. Defendants deny that the City had an official policy or custom of inadequate training, supervision, or discipline of Dallas police officers in handling peaceful public demonstrations involving constitutionally protected activity.

The Defendants contend that the City cannot be held liable under § 1983 because (1) there was no underlying constitutional violation, and (2) there was no official policy or custom with respect to the use of force, detention/seizure procedures, and handling of peaceful public demonstrations involving constitutionally protected activity, or constitutional deficiency in the City's training, supervision, or discipline of its police officers in those topic areas; (3) the City's final policymaker for the DPD was not deliberately indifferent to any alleged known unconstitutional custom or an obvious deficiency in DPD officer training, supervision, or discipline with respect to any of the foregoing topic areas; and (4) there is no causal connection between any alleged official policy or custom with respect to the foregoing topic areas, or a deficiency in DPD officer training, supervision, or discipline in those areas and Plaintiffs' injuries.

Individual Defendant Dallas Police Chief U. Reneé Hall denies that she ordered or authorized DPD officers to suppress peaceful public demonstrations in retaliation for individuals engaging in constitutionally protected activity. Chief Hall denies that she failed to adequately train, supervise, or discipline DPD officers with respect to the use of force, detention/arrest procedures, and in handling peaceful public demonstrations involving constitutionally protected activity. Chief Hall asserts that she is entitled to qualified immunity on all claims alleged against her because she was at all relevant times a public official acting in the course and scope of her official duties, was exercising discretionary authority and acting in objective good faith. Chief Hall further asserts that she did not violate Plaintiffs' constitutional rights, that her actions were lawfully performed and were objectively reasonable, that she did not violate clearly established law, and that she was not clearly incompetent.

Defendants further assert that the Plaintiffs did not suffer any deprivation of their rights arising under the Fourteenth Amendment because the Fourth Amendment is the constitutional source of Plaintiffs' federal claims.

## 2. **Any challenge to jurisdiction or venue.**

The Parties do not challenge jurisdiction or venue.

3. **Any Pending or Contemplated Motion and Proposed Time Limits for Filing Motion.**

The Parties currently have an Agreed Preliminary Injunction in place, enjoining and prohibiting the Defendants and all officers of the Dallas Police Department from (1) using "less lethal" weapons, such as tear gas, smoke bombs, flashbangs, pepperballs, mace, and other chemical agents in connection with protests against any protesters, bystanders, civilians, or members of the press, who are not posing any immediate threat of serious harm to anyone, or using such devices or chemical agents for purposes of controlling peaceful crowds; and (2) firing or deploying kinetic impact projectiles "KIPs" into a crowd for any purpose. The Agreed Preliminary Injunction is set to expire on September 9, 2020. [Doc. 10].

On or about August 16, 2020, Defendant Chief Renee Hall amended the Dallas Police Department's General Orders 908 and 902 regarding the (1) 40MM Stinger Less Lethal Launcher System, and the (2) Chemical Spray & PepperBall Launcher System.

Plaintiffs contend that these policies are insufficient and are working with Defendants on additional revisions to General Orders 902 and 908. If the Parties cannot agree on amended language prior to the expiration of the Agreed Preliminary Injunction, Plaintiffs' will seek extension of the Agreed Preliminary Injunction or issuance of a Permanent Injunction from the Court.

The Defendants anticipate filing motions for summary judgment on the issues of Chief Hall's entitlement to qualified immunity and the lack of § 1983 municipal liability on the City by the deadline imposed by the Court for dispositive motions.

The Parties' proposed deadline for filing motions is set forth below.

4. **Any Matters Which Require a Conference with the Court.**

In the event the Parties are unable to reach an agreement with extending the current Preliminary Injunction, the Plaintiffs will need a conference with the Court to help set deadlines for the above referenced Preliminary Injunction.

5. **Likelihood of Joinder of Additional Parties and Deadlines.**

Plaintiffs anticipate joining additional individual Plaintiffs as well as adding additional Defendants once the City releases the names of the involved officers, which it currently has refused to disclose. Based on information and belief, Plaintiffs anticipate that discovery will uncover additional law enforcement agencies and parties may have factored into individuals being injured during the protests and/or Defendants failure to properly train

its Police force.

The Defendants do not anticipate joining any additional parties.

**6. Proposed Discovery Plan and Pretrial Deadlines.**

  **i.** *Plan for discovery-related matters.*

    a. **Initial Disclosures:** The parties have not served their Rule 26(a) initial disclosures. The Parties have agreed to exchange their initial disclosures by 5:00pm on October 5, 2020. Chief Hall objects to any requirement that she make initial disclosures until the Court has resolved her qualified immunity defense.

    b. **Estimated time needed for discovery:** The Parties estimate that one year will be required to complete discovery, in part because several witnesses may not be readily locatable and due to the high likelihood of adding additional defendants based on discovery, and the current unknowns surrounding the COVID 19 pandemic.

    c. **Specification of the subjects on which discovery may be needed:** The Plaintiffs intend on conducting discovery on the customs and practices of the city of Dallas, training, supervision and discipline of its officers. Additionally, Plaintiffs anticipate conducting discovery on prior Officer Involved Shootings, cases involving allegations of excessive and deadly force and all related matters, including any prior incidents, training and Officer's medical/ psychological history, to include obtaining copies of all records of medical and psychological treatment. Plaintiffs also anticipate on conducting discovery related to any experts designated by the Defendants.

       Defendants anticipate conducting depositions and written discovery on: (1) the factual and legal bases of the Plaintiffs' claims; (2) the Plaintiffs' claimed compensatory and general damages; and (3) discovery related to experts, including depositions.

    d. **Whether discovery should be conducted in phases or be limited to or focused upon particular issues:** Plaintiffs and the City do not believe that discovery should be conducted in phases or be limited to or focused upon any particular issues. Chief Hall asserts that all discovery directed to her must initially be limited to the issue of Chief Hall's qualified immunity defense.

    ii.    *Proposed Pretrial Deadlines.*

        a.    **Deadline to join other parties or amend the pleadings:** June 30, 2021.

        b.    **Plaintiffs' deadline to designate expert witnesses and make the expert disclosures required by Rule 26(a)(2):** August 2, 2021.

        c.    **Defendants' deadline to designate expert witnesses and make the expert disclosures required by Rule 26(a)(2):** September 2, 2021.

        d.    **Rebuttal expert designations:** September 17, 2021.

        e.    **Deadline to complete discovery:** January 15, 2022.

        f.    **Deadline to file dispositive motions:** March 4, 2022.

**7.**    **Statement Regarding *Dondi* and the District's Civil Justice Expense and Delay Reduction Plan.**

Counsel for the Parties have read and are familiar with *Dondi Properties Corp. v. Commerce Sav. and Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988), as well as the district's Civil Justice Expense and Delay Reduction Plan as amended May 2002.

**8.**    **Requested Trial Date, Length and Jury Demand.**

The Parties request a trial date of August 1, 2022. Plaintiffs estimate that the trial will require approximately two (2) weeks, inclusive of jury selection. Defendants estimate that the trial will require five to seven days if the City remains as a defendant, and four days otherwise, excluding jury selection. Plaintiffs and Defendants have demanded a jury.

**9.**    **Whether the Parties Consent to Trial by a Magistrate Judge.**

The Parties do not consent to trial before the magistrate judge at this time.

**10.**    **Positions on Settlement.**

    a. **Assessment of Settlement Prospects:** The Plaintiffs believe that based on the evidence available to the parties that mediation would be beneficial to the parties. However, the Plaintiffs believe that it would probably be beneficial for the parties to conduct some meaningful discovery before engaging in settlement discussions. The Defendants, however, believe it is too early in the case to properly evaluate the prospects for settlement, given the likelihood of future

    dispositive motions and the present lack of information about the Plaintiffs' alleged damages.

  b. **Status of Settlement Negotiations:** Offers of settlement have not been made by either side, and the Plaintiffs anticipate needed discovery before they can be made. For the reasons previously stated, the Defendants are not inclined to engage in settlement negotiations at this early stage of the litigation.

  c. **Settlement Conference:** The Parties are open to the Court scheduling a settlement conference should the Court so desire but believe that they should be able to explore any settlement possibilities through early informal negotiations and later mediation, if necessary.

**11.** **Positions Regarding Mediation or ADR.**

The Parties are amenable to mediation or ADR. The Plaintiffs believe that mediation or ADR would be most effective after the parties have conduct some meaningful discovery. Defendants propose that mandatory mediation occur after the Court has resolved their anticipated dispositive motions.

**12.** **Any Other Matters Relevant to the Status and Disposition of this Case.**

None at this time.

Respectfully Submitted,

By: */s/ Michelle Simpson Tuegel*
**Michelle Simpson Tuegel**
TX Bar No. 24075187
*Admitted*
**THE SIMPSON TUEGEL LAW FIRM**
3301 Elm St.
Dallas, Texas 75226
214-774-9121 (P)
214-614-9218 (F)
michelle@stfirm.com

**Daryl K. Washington**
TX Bar No. 24013714
*Admitted*
**WASHINGTON LAW FIRM, PC**
325 N. St. Paul St., Suite 3950
Dallas, Texas 75201
214-880-4883 (P)
214-751-6685 (F)

---

dwashington@dwashlawfirm.com

**Daniel A. Dailey, Esq.**
IL Bar No. 6312616
*Admitted*
ddailey@kingdomlitigators.com
**Tatiuana J. Holland, Esq.**
TX Bar No. 24090519
*Pro Hac Vice Admission Pending*
tjh@tjhollandlaw.com
**Adam Greenfield**
TX Bar No. 24075494
*Admitted*
**KINGDOM LITIGATORS, INC.,**
*A Public Interest Law Firm*
100 Crescent Court Ste. 700
Dallas, Texas 75201
(214) 422-9350 (P)
(469)736-0022 (F)
**Morgan A. McPheeters**
TX Bar No. 24081279
*Admitted*
**MCPHEETERS LAW, PLLC**
4447 N. Central Expy., Suite 101 #158
Dallas, Texas 75205
469-862-8233 (P)
morgan@mcpheeterslaw.com

**Jessica Foster**
TX Bar No. 24094123
*Admitted*
1408 N. Riverfront Blvd., Suite 241
Dallas, Texas 75207
(214) 865-9742 (P)
jfoster@jfosterlegal.com

**George Oginni**
TX Bar No. 24108191
*Pro Hac Vice Admission Pending*
LEO & OGINNI TRIAL LAWYERS, PLLC
3801 Kirby, Suite 605
Houston, Texas 77098
(713) 280-3204 (P)
george@helpishere.law

**ATTORNEYS FOR PLAINTIFFS**

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
City Attorney

s/ *Tatia R. Wilson*
Tatia R. Wilson
Executive Assistant City Attorney
Texas State Bar No. 00795793
tatia.wilson@dallascityhall.com

Stacy Jordan Rodriguez
Executive Assistant City Attorney
Texas State Bar No. 11016750
stacy.rodriguez@dallascityhall.com

Molly Parks Ward
Senior Assistant City Attorney
Texas State Bar No. 24046589
molly.ward@dallascityhall.com

Devin Q. Alexander
Senior Assistant City Attorney
Texas State Bar No. 24104554
devin.alexander@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone: 214-670-3519
Telecopier: 214-670-0622

*Attorneys for Defendants City of Dallas,
and Chief U. Reneé Hall*