**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **Tasia Williams and Vincent Doyle,** § § § | | |
| *Plaintiffs,* § § | | |
| v. § § § § | **CIVIL ACTION NO. 3:20-CV-1526-L** | |
| **CITY OF DALLAS, TEXAS; ULYSHA RENEE HALL Chief of Police, Dallas Police Department. In her individual capacity; and JOHN DOE POLICE OFFICERS 1–50,** § § § § § § § § § | | |
| *Defendants.* § | | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR A 30-DAY EXTENSION**

Now into Court comes Plaintiffs, Tasia Williams and Vincent Doyle, responding to Defendant City of Dallas, Chief Hall, and John Doe Officer 1-50, motion for extension of time to respond to Plaintiffs' Discovery requests:

1. On or about January 12, 2021 Defendants requested a thirty-day extension. (Exhibit A). At no time did the Defendants explain the request was related to Covid-19 restrictions on personnel.

2. Plaintiffs agreed to the thirty-day extension, with the caveat that Defendants identify the individual officers that fired the aerial projectiles (i.e., rubber bullets, 40 MM) that caused the injuries sustained by both Brandon Saenz, Vincent Doyle, and Tasia Williams. (Exhibit

A). Identifying these officers in mid-February will severely prejudice Plaintiffs as it relates to Plaintiffs deposition efforts and this Court's Scheduling Order. More importantly, Plaintiffs contend that these pertinent witnesses should have been disclosed in Defendants' 26(a) Disclosures produced on October 9, 2021.

3. On January 14, 2021, at approximately 7:55 PM, the Parties had a telephonic meet and confer wherein, the Defendants made clear they have the requested information and identity of the officer(s) who shot Brandon Saenz and Plaintiffs Vincent Doyle and Tasia Williams, but needed to confirm with a Dallas Police Department ("DPD") detective. Each of these witnesses were disclosed in Plaintiffs 26(a) Disclosures and were thoroughly pled in Plaintiffs' Complaint to allege their *Monell* claims.

4. During the meet and confer, Defendants explained they identified the officers involved in all shootings but needed to confirm one last time with a Dallas Police Detective. Plaintiffs proposed a one-day extension to resolve this disclosure issue and otherwise had no objection to the discovery extension—provided the names of these officers were disclosed to ensure that discovery is not unduly delayed.

5. Defendants advised Plaintiffs, without explanation, that they would not provide the name of the officer who shot Brandon Saenz.

6. Plaintiffs explained that extending another thirty days (February 15, 2021), severely prejudices Plaintiffs to obtain enough information to identify the officers before the Court's deadline to amend and add Parties. The Scheduling Order currently requires the Joinder of Parties or Amendment of Pleadings by March 1, 2021.

7. Plaintiffs agreed to provide the Defendants time to speak with the DPD detective and confirm the identity of at least Tasia Williams and Vincent Doyle, and the Parties would be at

an impasse with regard to the identity of the officer who shot Brandon Saenz. In exchange, Plaintiffs could mitigate some of the anticipated prejudice from the extension to respond to discovery request, and consent to a two-week extension. (Exhibit A)

8. Moreover, Plaintiffs further noted for the record, that on August 14, 2021, Defendant Chief Hall authored and presented an 85-page "After-Action" report detailing all evidence, identity of officers, recommendations, and several patterns of civil rights violations.

9. On October 9, 2021, the Defendant served its initial disclosures, but failed to produce the After-Action report ("Report"), the evidence gathered in the Report, all relevant witnesses obtained in the Report, and several critical pieces of evidence *already* in the possession of the Defendants compiled by Defendant, Chief Hall.

10. Thus, Plaintiffs objection to the extension is well founded because many of the requests for production of documents and written responses have already been completed in Defendant Hall's 85-page After-Action Report. Plaintiffs made clear, there was no reason these documents were not produced in Defendants' Rule 26 (a) Disclosures.

11. Accordingly, Plaintiffs object to the extension of time for thirty-days, and in the alternative request that the Court order the Defendants to supplement its 26 (a) disclosures within seven-days identifying all witnesses and the officers who fired the aerial projectiles (i.e., rubber bullets, 40 MM) which struck Brandon Saenz, Vincent Doyle, and Tasia Williams, as pled in Plaintiffs' Complaint.

Respectfully submitted,                              Date: January 20, 2021

                                                     /s/ *Adam S. Greenfield*

                                                     **Adam S. Greenfield**
                                                     Texas Bar No. 24075494
                                                     *Admitted*
                                                     **CLOUTMAN & GREENFIELD, PLLC**

3301 Elm Street
Dallas, Texas 75226
214.642.7486
agreenfield@candglegal.com
*Board Certified in Labor & Employment Law by the Texas Board of Legal Specialization*

**Michelle Simpson Tuegel**
TX Bar No. 24075187
*Admitted*
**THE SIMPSON TUEGEL LAW FIRM**
3301 Elm St.
Dallas, Texas 75226
214-774-9121 (P)
214-614-9218 (F)
michelle@stfirm.com

**Daryl K. Washington**
TX Bar No. 24013714
*Admitted*
**WASHINGTON LAW FIRM, PC**
325 N. St. Paul St., Suite 3950
Dallas, Texas 75201
214-880-4883 (P)
214-751-6685 (F)
dwashington@dwashlawfirm.com

**Morgan A. McPheeters**
TX Bar No. 24081279
*Admitted*
**MCPHEETERS LAW, PLLC**
4447 N. Central Expy., Suite 101 #158
Dallas, Texas 75205
469-862-8233 (P)
morgan@mcpheeterslaw.com

**Jessica Foster**
TX Bar No. 24094123
*Admitted*
1408 N. Riverfront Blvd., Suite 241
Dallas, Texas 75207
(214) 865-9742 (P)
jfoster@jfosterlegal.com

**George Oginni**
TX Bar No. 24108191

      *Pro Hac Vice Admission Pending*
      LEO & OGINNI TRIAL LAWYERS, PLLC
      3701 Kirby, Suite 1184
      Houston, Texas 77098
      (713) 280-3204 (P)
      george@helpishere.law

**COUNSELS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was sent on this 20th day of January, 2021, via email to the following:

**Christopher Caso**
City Attorney
chris.caso@dallascityhall.com
**Tatia R. Wilson**
Executive Assistant City Attorney
tatia.wilson@dallascityhall.com
**DALLAS CITY ATTORNEY'S OFFICE**
1500 Marilla St., 7DN
Dallas, Texas 75201
(214) 671-9553 (P)
(214) 670-0622 (F)
**ATTORNEYS FOR DEFENDANT**

      */s/ Adam S. Greenfield*_____
      Adam S. Greenfield