IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TASIA WILLIAMS AND | § | |
| VINCENT DOYLE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-1526-L |
| | § | |
| CITY OF DALLAS, TEXAS; | § | |
| CHIEF ULYSHA RENEÉ HALL; | § | |
| JOHN DOE POLICE OFFICERS 1-50, | § | |
| | § | |
| Defendants. | | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY REQUESTS

TO THE HONORABLE COURT:

Defendants City of Dallas and Ulysha Reneé Hall (collectively "Defendants") file this Reply in support of their Motion for Extension of Time to Respond to Discovery Requests.

1.     Plaintiffs have failed to demonstrate a lack of good cause for Defendants' Motion, or how they will be prejudiced by the requested 30-day extension of time, especially when Plaintiffs may move for an extension of the deadline to amend pleadings and join parties if they do not believe they will have ample time to review the materials produced.

2.     Although the Defendants sought to reach an agreement with the Plaintiffs on the relief sought, they were unable to reach one.  And Plaintiffs' opposition to the Defendants' Motion is unreasonable considering (1) that Plaintiffs' discovery requests were served seven business days before the Christmas and the unexpected challenges presented by the absence of City personnel on vacation leave during the response period, (2) the impact of the COVID-19 pandemic on the City's

workforce, which has resulted in the majority of office personnel working remotely and has affected their ability to access documents, photos, videos, and other materials in a timely manner, (3) the time required to review the unusually large amount of documents, photos, videos, and other materials responsive to the discovery requests, and (4) the unexpected delay in communicating with Chief Hall since her resignation as Chief of the Dallas Police Department.  In addition, Defendants require additional time to confer, confirm, and review the materials with the investigating officers to avoid error and to promote judicial efficiency.

3.     Despite having received the Defendants' Rule 26(a)(1) disclosures on October 9, 2020, Plaintiffs contend that they will suffer prejudice because a 30-day extension would only leave them 15 days to comply with the Court's March 1, 2021 deadline to amend pleadings and to join parties. (*See* Pls.' Resp. at 2, paras. 6-7.)   However, any alleged harm is easily assuaged because the Court's Scheduling Order allows the parties to extend a pretrial deadline before its expiration upon a showing of good cause and with leave of court. (Dkt. No. 19 at 9, para. 14.)  Moreover, under *Dondi Properties Corp. v. Commerce Savings & Loan Assoc.*, 121 F.R.D. 284 (N.D. Tex. 1998) (en banc), which sets forth standards of conduct for counsel to follow throughout litigation for the Northern District of Texas, the parties should make reasonable efforts to conduct all discovery by agreement and accommodate a party's reasonable request for an extension of time. *Id.* at 293-294.  Those standards of conduct requires that attorneys cooperate with one another in order to promote "'the efficient administration of our system of justice[,]'"  and "attempt to satisfy the goals of reducing litigation costs and expediting the resolution of civil actions." *Id.* at 291.  The Defendants have stated that they will agree to extend the deadline to amend pleadings and to join parties.  Therefore, granting the Defendants' requested relief will not deny the Plaintiffs' that opportunity should they seek to do so.

Plaintiffs also argue that they will be prejudiced because Defendants did not produce with their Rule 26(a)(1) initial disclosures the "After-Action" report that was published by the Dallas Police Department almost three months after the George Floyd-related demonstrations in Dallas.  Rule 26(a)(1)(A)(ii), however, does not expressly require a party to produce documents; rather, it gives the disclosing party the option to either produce a copy of the identified documents or provide a description by category and location of the documents that it may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(ii).  Since Defendants have not yet determined whether they "may use" the "After-Action" report to support to their claims and defenses, neither disclosure nor production of the report was required when they served Plaintiffs their Rule 26(a)(1) disclosures. Plaintiffs' argument is further undermined by the fact that Plaintiffs themselves disclosed the "After-Action" report, which has been widely circulated and is publicly available online,[1] as a document that they may use to support their claims.  Plaintiffs' argument is further undermined because they are also able to request this "After-Action" report via a request for production.  *See* Fed. R. Civ. P. 34 (rule governing requests for production).  It is difficult to see how Plaintiffs will be prejudiced by the Defendants' nondisclosure of the report if they already have or have access to it.

4.      Finally, to the extent Plaintiffs' Response seeks to compel the Defendants to disclose the officer who allegedly shot Brandon Saenz, neither of whom are parties in this case, the request is not properly before Court.  *See* Fed. R. Civ. P. 37(a) (rule governing motions to compel disclosures or discovery).

---

[1] https://cityofdallas.legistar.com/MeetingDetail.aspx?ID=801489&GUID=39ABA325-F468-4B8C-BC0E-19FC995311BB&Options=info|&Search=

WHEREFORE, for the reasons stated in their Motion and this Reply, Defendants have shown good cause for a 30-day extension of their deadline to respond to Plaintiffs' written discovery requests for interrogatories and production of documents.  Defendants respectfully ask the Court to grant their motion, and extend the deadline by which Defendants shall respond to Plaintiffs' written discovery requests, from January 14, 2021 to February 15, 2021, and grant Defendants any further relief that the Court deems necessary and just.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
City Attorney

*/s/ Devin Q. Alexander*
Lindsay Wilson Gowin
Senior Assistant City Attorney
Texas State Bar No. 24111401
lindsay.gowin@dallascityhall.com

J. Cheves Ligon
Senior Assistant City Attorney
Texas State Bar No. 24070147
john.ligon@dallascityhall.com

Devin Q. Alexander
Assistant City Attorney
Texas State Bar No. 24104554
devin.alexander@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7D North
Dallas, Texas 75201
Telephone: 214-670-3519
Telecopier: 214-670-0622

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on February 3, 2021, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF electronic case filing system of the court.  The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including all *pro se* parties and attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.  I further certify that I have served to the extent applicable all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).


*/s/ Devin Q. Alexander*
Devin Q. Alexander
Assistant City Attorney