IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TASIA WILLIAMS, | § | |
| VINCENT DOYLE, | § | |
| BRANDON SAENZ, and | § | |
| RANDI ROGERS, | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 3:20-CV-01526-L |
| | § | |
| v. | § | |
| | § | |
| THE CITY OF DALLAS, TEXAS; | § | |
| CHIEF ULYSHA RENEE HALL; and | § | |
| JOHN DOE POLICE OFFICERS 1-50, | § | |
| | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendants Ryan Mabry, Victor Rocha, and Melvin Williams's (collectively, the "Officer Defendants") Rule 12(b)(6) Motion to Dismiss (Doc. 66), filed on October 25, 2021 (Officer Defendants' Motion to Dismiss"); Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 88), filed on February 18, 2022 ("Plaintiffs' Motion"); Officer Defendants' Motion for Leave to File Response to Plaintiffs' Motion for Leave (Doc. 91), filed on March 14, 2022 ("Officer Defendants' Motion");[1] and Plaintiffs' Amended Motion for Leave to Amend Complaint (Doc. 93), filed on March 14, 2022 ("Plaintiffs' Amended Motion"). After careful consideration of the motions, briefs, record, and applicable law, the court **grants** Plaintiffs' Amended Motion, **denies without prejudice** Officer Defendants' Motion to Dismiss, and **denies as moot** Plaintiffs' Motion and Officer Defendant' Motion.

---

[1] Officer Defendants' Motion seeks leave to file their untimely response to Plaintiffs' Motion. Officer Defendants explained that they had trouble accessing the ECF system due to it being offline and therefore were unable to file their response by the deadline. Officer Defendants filed their Response (Doc. 89), and the court considered it when ruling on the present motions before it. Accordingly, Officer Defendants' Motion is moot.

**Memorandum Opinion and Order – Page 1**

## I.     Factual and Procedural Background

Plaintiffs brought this action on June 11, 2020, against the City of Dallas, Officer Defendants, Chief Ulysha Renee Hall, and John Doe Police Officers 1-50 (collectively, "Defendants") seeking damages stemming from protests that occurred in Dallas, Texas on May 30 and June 1, 2020. Plaintiffs allege that they were engaged in peaceful protests against police brutality and racial inequality following the death of George Floyd when they suffered injuries as a result of the City of Dallas Police Officers' use of chemical agents and kinetic impact projectiles ("KPIs") to disperse the peaceful demonstrations.

Plaintiffs now seek leave to file their Second Amended Complaint to include allegations of additional facts learned through discovery, add David McKee ("Mr. McKee") as a plaintiff, and "to correct any errors." Doc. 93. at 3. The City of Dallas and Ulysha Hall are unopposed to the relief sought in Plaintiffs' Amended Motion. The Officer Defendants did not respond to Plaintiffs' Amended Motion; however, they did file a response to Plaintiffs' Motion.[2]

## II.    Legal Standard – Rule 15(a)(2)

Before the court can modify a scheduling order and grant leave to amend a pleading under Rule 15(a) of the Federal Rules of Civil Procedure, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). A scheduling order "maybe modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the

---

[2] Officer Defendants also indicated that they intend on filing a motion to stay this action pending the resolution of the criminal proceedings against them. That motion, however, has not been filed by Officer Defendants; therefore, the court cannot consider the anticipated relief to be sought by Officer Defendants because it is not before the court.

**Memorandum Opinion and Order – Page 2**

diligence of the party needing the extension." *S & W*, 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id*. at 536. In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. (internal quotation marks, brackets, and citations omitted).

### III.     Analysis

Granting the relief requested by Plaintiffs would require modification of the court's scheduling order and revival of the July 2, 2021 deadline to join additional parties that expired before Plaintiffs filed Plaintiffs' Motion and Plaintiffs' Amended Motion. Because this deadline has expired, Plaintiffs must first show "good cause" for its failure to meet the scheduling order deadline under Rule 16(b) before the court can modify a scheduling order and permit the requested late joinder and amendment.

The court filed its First Amended Scheduling Order (Doc. 36) on April 16, 2021, that set the deadline to join parties or amend pleading on July 2, 2021. Seven months later, on February 18, 2021, Plaintiffs' Motion was filed that seeks leave to file their second amended complaint, which adds Mr. McKee as a plaintiff, adds additional claims pertaining to Mr. McKee, and generally revises or corrects their current complaint. On March 14, 2022, Plaintiffs filed their Plaintiffs' Amended Motion. The City of Dallas and Ulysha Hall are unopposed to the relief sought in Plaintiffs' Amended Motion. Officer Defendants were initially opposed to Plaintiffs' Motion; however, they did not file a response to Plaintiffs' Amended Motion. The court, therefore, considered Officer Defendants' response to Plaintiffs' Motion, even though they did not file a

response to the Plaintiffs' Amended Motion. Officer Defendants argue that Plaintiffs have not shown that there is good cause for their failure to timely add parties or amend their pleading. Doc. 89 at 8. Officer Defendants further contend that Plaintiffs' blame on the City of Dallas for their failure to timely amend their pleadings is misplaced because, outside of waiting for the City of Dallas to identify the law enforcement personnel who allegedly shot Plaintiffs, Plaintiffs have not exercised minimal effort to determine the identities themselves. *Id*. The court disagrees and finds that good cause exists to allow Plaintiffs to file their second amended complaint.

First, Plaintiffs have set forth sufficient evidence explaining their failure to timely amend their pleadings and add parties. That is, ongoing discovery revealed to Plaintiffs that Defendant Ryan Mabry allegedly harmed Plaintiff Brandon Saenz and Mr. McKee during the protests that occurred in Dallas, Texas on May 30, 2022 and June 1, 2022. Stated another way, Plaintiffs could not have reasonably anticipated the name of Mr. McKee but through discovery produced by the City of Dallas. Second, as argued by Plaintiffs, amending the complaint is important because it "focuses the legal and factual issues in the case and will facilitate the case's resolution." This is so because Plaintiffs contend that Mr. McKee was harmed by Defendant Ryan Mabry on the same occasion they allege that Defendant Ryan Mabry harmed Plaintiff Brandon Saenz. Finally, the remaining factors also weigh in favor of allowing Plaintiffs leave to amend their complaint because Officer Defendants have not argued how they will be prejudiced should leave be granted. Furthermore, any prejudice can be cured by an amended scheduling order.

### IV. Conclusions

For the reasons explained, the court **grants** Plaintiffs' Amended Motion for Leave to Amend Complaint (Doc. 93) and **directs** the clerk of court to file the second amended complaint attached to Plaintiffs' Amended Motion (Doc. 93). Further, the court **denies without prejudice**

Officer Defendants' Motion to Dismiss (Doc. 66); **denies as moot** Officer Defendants' Motion (Doc. 91); and **denies as moot** Plaintiffs' Motion (Doc. 88). *The court will not allow any further amendments to add any additional parties to this action*.

**It is so ordered** this 20th day of May, 2022.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge